Filed: 1/28/2022 11:09 AM
Lynne Finley
District Clerk
Collin County, Texas
By Rebekah Griffin Deputy
Envelope ID: 61246194

CAUSE NO. 471-00518-2022

| | | |
|---|---|---|
| ROBERT J. SHERIDAN and | § | IN THE DISTRICT COURT |
| SALOMEH P. SHERIDAN | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | OF COLLIN COUNTY, TEXAS |
| | § | |
| TRANSAMERICA LIFE | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, ROBERT J. SHERIDAN and SALOMEH P. SHERIDAN (collectively, "Plaintiffs") and file this Original Petition against TRANSAMERICA LIFE INSURANCE COMPANY ("Defendant") and would respectfully show this Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Discovery in this suit is intended to be conducted under Rule 190.2 of the Texas Rules of Civil Procedure.

### II.

### PARTIES

Plaintiffs are individual resident citizens of the State of Texas residing in Collin County, Texas.

Defendant Transamerica Life Insurance Company is a foreign insurance company licensed by the Texas Department of Insurance to conduct business in the

State of Texas. Transamerica Life Insurance Company may be served with process by serving its designated Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284, or wherever it may be found in the State of Texas.

III.

JURISDICTION AND VENUE

This Court has jurisdiction over Defendant because it is licensed by the Texas Department of Insurance to conduct business in the State of Texas and is in fact conducting business in the State of Texas. Additionally, Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas by issuing insurance policies naming Texas residents as insureds and/or beneficiaries under such insurance policies. Specifically, Plaintiffs are the beneficiaries under the life insurance policy at issue and Defendant has engaged in contact with Plaintiffs in the State of Texas.

Plaintiffs seek monetary relief of $250,000.00 or less plus attorney's fees and court costs.

This Court has jurisdiction over the controversy because the amount in controversy is within the jurisdictional limits of this Court and the suit involves breach of a life insurance policy which is within the subject matter of the Court.

Venue is proper in Collin County, Texas, pursuant to the Texas Civil Practice and Remedies Code Section 15.032 because Plaintiffs are beneficiaries under the life

insurance policy at issue and Plaintiffs resided in Collin County, Texas at the time their breach of contract cause of action against Defendant accrued.

IV.

FACTS

On April 5, 2021, Defendant issued Life Insurance Policy/Certificate No. LFT021919 (the "Policy") on the life of H.S. ("H.S."), the 16-year-old minor daughter of Plaintiffs. Plaintiffs were named beneficiaries on the Policy.

On August 17, 2021, H.S. was tragically killed in an automobile accident. Subsequently, Plaintiffs made a claim on the Policy and fully cooperated with Defendant's request for additional information including Defendant's request for a completed medical history form for H.S. as well as a listing of the physicians/facilities/pharmacies seen by H.S.

On November 11, 2021, Plaintiffs received a letter from Defendant whereby Defendant denied and refused to pay Plaintiffs' claim on the Policy. Defendant further attempted to "rescind the policy contract" based on alleged "material omissions on the application that the insured completed when applying for coverage."

Plaintiffs made demand upon Defendant for payment under the terms of the Policy, but Defendant refused to pay the life insurance proceeds to Plaintiffs. Defendant has no valid legal basis for refusing to pay Plaintiffs the life insurance proceeds.

The total amount due and owing to Plaintiffs by Defendant under the Policy is $150,000.00.

As a result of Defendant's failure to pay Plaintiffs the proceeds in accordance with the terms of the Policy, Plaintiffs have been required to employ the services of Kish Manktelow & Bailey, PC to prosecute this action and have agreed to pay a reasonable fee for same.

All conditions precedent to recovery have been satisfied, fulfilled and/or complied with.

V.

COUNT ONE - BREACH OF CONTRACT

Plaintiffs realleges the allegations of Paragraphs I. through IV. as if set forth fully herein.

Plaintiffs are beneficiaries of the deceased insured under the Policy issued by Defendant. Pursuant to the terms of the Policy, Defendant's refusal to pay the amount due to Plaintiffs under the Policy constitutes a breach of the Policy. Accordingly, the conduct of Defendant set forth in the paragraphs above has caused damages to Plaintiffs in the amount of $150,000.00 for which sum Plaintiffs hereby sue Defendant.

VI.

## COUNT TWO – ATTORNEY'S FEES

Plaintiffs realleges the allegations of Paragraphs I. through IV. as if set forth fully herein.

As a result of Defendant's breach of the Policy and failure to pay Plaintiffs, as the beneficiaries under the Policy, Plaintiffs have been required to employ the services of Kish Manktelow & Bailey, PC to prosecute this action. Accordingly, Plaintiffs are entitled to an award of their reasonable and necessary attorney's fees incurred in the prosecution of this action pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, *et seq.* and/or the Policy itself, for which sum Plaintiffs hereby sue Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein, and that upon final trial or other disposition, Plaintiffs have the following:

1.  damages against Defendant under the Policy in the amount of $150,000.00;

2.  post-judgment interest at the highest lawful rate;

3.  reasonable and necessary attorney's fees incurred in the prosecution of this suit;

4.  all costs of Court; and

5.  such other relief to which Plaintiffs shall show themselves justly entitled.

Respectfully submitted,

KISH MANKTELOW & BAILEY, PC

*/s/ Brent William Bailey*
Brent William Bailey
State Bar No. 24006191
bbailey@kmblegalgroup.com
Gregory J. Kish
State Bar No. 24028328
gkish@kmblegalgroup.com

2201 N. Central Expy. Suite 180
Richardson, Texas 75080
Telephone:  214.276.6820
Facsimile:  214.276.6821

ATTORNEYS FOR PLAINTIFF

Electronically Served
1/28/2022 1:30 PM

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.471-00518-2022

Robert J. Sheridan And Salomeh P. Sheridan Plaintiffs v.
Transamerica Life Insurance Company Defendant.

In the 471st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  Transamerica Life Insurance Company
CT Corporation System
1999 Bryan Street
Suite 900
Dallas, Texas 75201-4284, or wherever it may be found in the State of Texas. Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 471st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Brent William Bailey,  2201 N Central EXPY STE 180  Richardson TX  75080 (Attorney for Plaintiff or Plaintiffs), on  January 28, 2022, in this case, numbered 471-00518-2022 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 28th day of January, 2022.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Rebekah Griffin

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any questions you have should be directed to an attorney.**